## LILBURN M. HESS v. JACOB REICK AND FREDERICK ROEDEL.

Argued February 20, 1908—Decided June 8, 1908.

The defendants purchased all the capital stock of a manufacturing company, and secured a part of the cost price by a mortgage on the corporate property. *Held*, that such mortgage was void, as it amounted to the distribution of a portion of the capital of the corporation, and that the vendor of the stock could surrender the mortgage and sue for so much of the price of the stock as the mortgage represented.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the plaintiff, *Walter H. Bacon.*

For the defendants, *Louis H. Miller* and *William A. Logue.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff, holding all of the shares, except two, which he controlled, of the Millville Brick Manufacturing Company, agreed with the defendants to sell them the plant and all the capital stock of the company for $12,000, to be paid as follows: $4,000 by taking the property subject to a mortgage for that sum which was then a lien thereon; $2,500 by a second mortgage on the real estate of the company; $1,500 in cash; $1,000 by assignment of a mortgage held by one of the purchasers of the capital stock; $500 by a note, and $2,500 in bricks, to be manufactured by the company. The cash was paid, the note given, the mortgage for $1,000 assigned, a mortgage on the property of the company executed and delivered for $2,500, and a contract entered into by the company under which it agreed to furnish bricks to the plaintiff to the extent in value of $2,500 at prices fixed by the

written agreement. This suit was brought to recover from the defendants the value of the capital stock of the company transferred by the plaintiff to the defendants, and was tried before the court, a jury being waived. The court, after finding for the plaintiff and assessing his damages at $5,380.23, then allowed a rule to show cause why there should not be a new trial, and that rule is the matter now under consideration. The only dispute is whether the mortgage given by the corporation for $2,500, and the contract for the delivery of bricks to the value of $2,500, was a payment on account of the purchase price of the stock to the extent of either, or the sum of both, of these amounts. The result reached by the trial judge indicates that he found that so much of the consideration as was represented by the mortgage and contract had not been paid, and that the plaintiff was therefore entitled to recover the sums which they represented, with interest. The history of the two items is as follows: The defendants, before the mortgage matured, had sold the stock of the company and it had passed into other hands, and the plaintiff, being advised that the purchasers of the stock of a corporation had no lawful right to apply a part of the assets of the company towards the payment of their individual debts, working thereby a distribution of capital, and that the mortgage could not be enforced against the company, voluntarily canceled it, and claimed that no payment had ever been made of so much of the consideration as was represented by the mortgage. This claim, we think, is a just one. The defendants had the stock and disposed of it without making any lawful payment, for the depletion of capital to pay for the stock of a corporation purchased by individual holders cannot be tolerated or supported under our Corporation act. To countenance such a theory would be to permit any person having control to encumber all of the assets of a corporation to the extent of the value of capital stock purchased and impair the rights of creditors. The plaintiff had a worthless and void security, and the debt due from the defendants to him for the stock transferred to them had never been satisfied by any valuable consideration, and no such consideration

having been given, there remained an implied promise to pay the agreed price. The trial judge was right in finding against the defendants for the amount of the mortgage.

The brick contract stands in a different situation, for the plaintiff did not rescind it, but accepted some of the bricks; the case does not clearly disclose to what extent, but it does appear that plaintiff brought suit on the contract against the company and recovered a judgment for $1,250, which indicates a judicial finding that in some way he had received from the company or the defendants bricks to the value of $1,250 on account of the contract, and it appears that he now holds a judgment for that amount against the company. Whether this payment in bricks manufactured was a part of the earnings of the company belonging to the defendants as stockholders, or whether the company is now estopped from repudiating the brick contract, need not be decided, because it has been established by a competent tribunal that there was due the plaintiff on this account only $1,250, and not $2,500, as adjudged in this cause by the trial judge. The finding upon which the judgment is based is erroneous and a new trial should be awarded.

The rule will be made absolute.